Judge Gaillard
also delivered his opinion:
The decree given by me in the circuit court, being affirmed by the court of appeals in that part which de-dares the devise to William F. Taylor void, and reversed in that part which relates to the payments made on Taylor's bond and the bond itself, the case is narrowed down to this — Ought Samuel Taylor, the legatee, to be deemed a trustee to the amount of the legacy for his son, William F. Taylor? This court has said that the failure of Ihe devise of the land to William F. Taylor does not invalidate ihe bequest made by William Ford to Samuel Taylor, the father : the reason given is, that the failure of the inducement to the legacy, does not invalidate the legacy itself, unless founded in fraud or gross misrepresentation. The court goes on ami says, it is doubtful whether under flic, circumstances of the case, Samuel Taylor, the legatee, ought not to be deemed a trustee to the amount of the legacy, for William F. Taylor. The devise and bequest, •are in these words, “ To William F. Taylor, son of captain Samuel Taylor, and to his heirs forever, I devise the *13 remaining half of my one fourth of South Island; but as I have given the said Samuel Taylor my bond to make him titles to the said one half of the one fourth, and he has made me payment thereon, my will is, that the said bond be given up to him, and the payment to be refunded to him out of my estate.” It is this bond and these payments that constitute what the court held to be a bequest to Samuel Taylor, which could not be invalidated by the failure of the inducement to it. The circumstances therefore, which make it doubtful whether Samuel Taylor, the legatee, ought not to be deemed a trustee for William F. Taylor, do not arise from any supposed intention of the testator, that Samuel Taylor should hold the. legacy in trust for his son. The doubt of the court must have arisen from the failure of the devise of the land to William F. Taylor; but surely the failure, of a devise of land affords no inference that the testator intended to give money : As the testator had no right to the lands which lie devised to William F. Taylor, the devise failed; but this does not give him a claim either to the bond or any other part of the testator’s estate. A testator devises lands which he has not: It is clear that the devisee is not entitled to have the devise made good out of the personal estate of the testator. I consider this a clear point. Broome and Monk, 10 Vez. I am of opinion therefore, that Samuel Taylor ought not to be deemed a trustee to the amount of his legacy for his son William F. Taylor.
Theodors Gaihard.
Mr. James afterwards applied to the court of ap> peals for leave to file a supplemental bill in nature of a bill of review, stating newly discovered matter.
Whereupon the court of appeals made the following order:
On petition for leave to file a supplemental bill, in nature of a bill of review, stating certain newly discovered matter therein set fortín The court stated, that it “ has considered the subject of the petition, and is of opinion that the application should be made in the first instance to the circuit court. This Court is appellate *14 merely, and cannot receive or decide on an original application. The petition is therefore dismissed.
Henry W. Desaussuke-
Theodore Gaiuiard.
May 2d, 1812.
Thomas Waties.